1  SEYFARTH SHAW LLP
   Eric Lloyd (SBN 254390)
2  E-mail:  elloyd@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone:   (415) 397-2823
4  Facsimile:   (415) 397-8549

5  SEYFARTH SHAW LLP
   Sumithra R. Roberts (SBN 256078)
6  E-mail:  sroberts@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
8  Facsimile:   (310) 201-5219

9  Attorneys for Defendant
   LOWE'S HOME CENTERS, LLC
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14  JULIE HUGHES,                      Case No. 2:20-cv-6568

15            Plaintiff,               (San Luis Obispo Superior Court,
                                       Case No. 20CVP-0197)
16       v.
                                       **DEFENDANT'S NOTICE OF
17  LOWE'S HOME CENTERS, LLC, a        REMOVAL OF CIVIL ACTION TO
    North Carolina Corporation; LOWE'S, UNITED STATES DISTRICT
18  INC., an unknown Corporation, and DOES COURT PURSUANT TO
    1-10, inclusive,,                  DIVERSITY OF CITIZENSHIP
19                                     JURISDICTION [28 U.S.C.
            Defendants.                SECTIONS 1332 AND 1441]**
20
                                       Complaint Filed: June 22, 2020
21                                     Trial Date:      None Set

22

23

24

25

26

27

28

64786146v.1

To the United States District Court for the Central District of California and to Plaintiff and her attorneys of record:

Please take notice that Defendant LOWE'S HOME CENTERS, LLC ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of San Luis Obispo, to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

## I.    BACKGROUND

1.    On June 22, 2020, Plaintiff Julie Hughes ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Luis Obispo, entitled, *Julie Hughes v. Lowe's Home Center, LLC, a North Carolina Corporation; Lowe's, INC., an unknown Corporation, and DOES 1-10, inclusive*, designated as Case No. 20CVP-0197. In the Complaint, Plaintiff alleges five causes of action against Defendant and Lowe's, Inc.[1]: (1) Disability Discrimination in violation of the Fair Employment and Housing Act ("FEHA") (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to Engage in an Interactive Process in Violation of the FEHA; (4) Retaliation in Violation of the FEHA; (5) Failure to Prevent Discrimination; (6) Wrongful Termination; and (7) Declaratory Relief.

2.    On June 29, 2020, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of the Summons and Complaint served on Defendant are attached as **Exhibit 1 (hereinafter "Compl.").**

---

[1] Lowe's Home Centers, LLC is Plaintiff's former employer. Plaintiff erroneously sued Lowe's, Inc., an unknown Corporation. (Compl. at p.1). Lowe's, Inc. is no longer an entity (it was dissolved on June 30, 1987), and has never employed Plaintiff as a result. Additionally, Lowe's, Inc. has never been affiliated with or related to Lowe's Home Centers, LLC or Lowe's Companies, Inc. in any way.  (Declaration of Tiffany Curry, ¶3.) Thus, Lowe's, Inc. should be disregarded for removal purposes.

DEFENDANT'S NOTICE OF REMOVAL TO USDC

64786146v.1

3.      On July 27, 2020, Defendant filed its Answer to the Complaint in San Luis Obispo County Superior Court. A true and correct copy of Defendant's Answer filed in San Luis Obispo County Superior Court is attached as **Exhibit 2**.

4.      **Exhibits 1 and 2** constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to filing this Notice of Removal. (Declaration of Sumithra R. Roberts ["Roberts Dec."] ¶ 3.) There are no pending hearings currently scheduled in the San Luis Obispo County Superior Court in the state court action. (Roberts Dec. ¶ 3.)

## II.     TIMELINESS OF REMOVAL

5.      This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Lowe's Home Centers, LLC, the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Exhibit 1.)

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6.      The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.      **Plaintiff's Citizenship.** "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

8.     At the time Plaintiff filed this civil action, Defendant alleges based on information and belief that Plaintiff was a citizen and resident of the State of California, residing in the county of San Luis Obispo. (Compl. ¶1.) Plaintiff alleges in the Complaint that she "was hired by Defendants in 2003 as an appliance specialist of its store in Paso Robles, California." (Compl. ¶ 13.) Plaintiff was employed by Lowe's within the State of California from approximately 2003 until June 25, 2018. (Compl. ¶¶ 13, 17.) Lowe's alleges that Plaintiff's home address during the period when she worked at Lowe's was within the State of California. (Declaration of Tiffany Curry ["Curry Dec."] ¶ 4.) Lowe's alleges that there are no documents in Plaintiff's personnel file to suggest in any way that she is currently, or during the periods of her employment was, a resident or citizen of any state other than California. (Curry Dec. ¶ 4.)

9.     **Defendant's Citizenship.** In a removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

10.     Defendant Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. (Curry Dec. ¶ 5.)

11.     Lowe's Companies, Inc. is and was at the time the civil action was instituted a corporation organized under the laws of North Carolina. (Curry  Dec. ¶6.)

DEFENDANT'S NOTICE OF REMOVAL TO USDC

64786146v.1

12.     Further, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities— is located in North Carolina. (Curry Dec. ¶ 7.) Thus,  Lowe's Companies, Inc. is a citizen of North Carolina.

13.     Accordingly, because Lowe's Companies, Inc. is a citizen of North Carolina, Defendant is a citizen of the State of North Carolina, not California. Thus, the requisite diversity of citizenship exists. See 28 U.S.C. § 1332(c)(1).

14.     Further, in compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a) the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

15.     **Amount in Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

16.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal

DEFENDANT'S NOTICE OF REMOVAL TO USDC
64786146v.1

context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

17.     As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

18.     In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy"

6

includes claims for general and special damages, including attorneys' fees and punitive damages).

19.    The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

20.    **Compensatory Damages.** In her Complaint, Plaintiff seeks to recover compensatory damages including "past and future loss of income, benefits and other damages to be proven at time of trial." (Compl. ¶ 27.) Plaintiff's Complaint alleges claims under the FEHA for retaliation and failure to prevent discrimination.

21.    Plaintiff alleges she worked as an appliance specialist for Defendant earning an annual salary of approximately termination was approximately $45,760[2] plus commission. (Compl ¶¶ 13, 14.) Plaintiff alleges she was terminated on or about June 25, 2018. (Compl. ¶ 17.) Conservatively estimating an July 2021, trial date (twelve months after the Complaint was filed), Plaintiff's lost wages alone would amount to approximately $137,280; *i.e.*, thirty-six months between her alleged termination and trial.[3]

22.    In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal,

---

[2] $22 per hour x 40 hours per week x 52 weeks.
[3] $45,760 x 3 years.

DEFENDANT'S NOTICE OF REMOVAL TO USDC

future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

23.  An award of three years' front pay would entitle Plaintiff to more than $137,280.00 in additional recovery. *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed $274,560.00.

24.  **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶ 35.) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

25.  In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See*, *e.g.*, *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los

8

Angeles Sup. Ct.) (pain and suffering awards of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

26. **Attorney's Fees.** Plaintiff claims statutory entitlement to attorney's fees. (Compl. ¶ 37.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts five FEHA claims against Defendant in the Complaint. (Compl. First through Fifth Causes of Action.)

27. Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Roberts Dec. ¶ 4.) Here, if Plaintiff prevails, she could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, courts have awarded attorney's fees in excess of $75,000 in cases involving discrimination. S*ee, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee

9

award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims including discrimination case).

28.    **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl., Prayer for Relief, No. 5.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261 at *4.

29.    Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See*, *e.g.*, *Juarez v. Autozone Stores, Inc.*, No. 08cv417–L (BLM), 2011 WL 1532070 (S.D. Cal., November 18, 2014) ($185 million verdict for plaintiff in pregnancy discrimination case); *see also Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

30.    In sum, Plaintiff's aggregated recovery on her claims, including compensatory damages such as lost wages and emotional distress damages, attorney's fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

31.    Because diversity of citizenship exists between Plaintiff and Defendant, and the matter in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

64786146v.1

## IV.   VENUE

32.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of San Luis Obispo. In addition, the action arose in the County of San Luis Obispo because the facility where Plaintiff worked is in Paso Robles, California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

33.     Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Luis Obispo.

## VI.   PRAYER FOR REMOVAL

Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Luis Obispo to the United States District Court for the Central District of California.


DATED:  July 23, 2020                         SEYFARTH SHAW LLP


By:  /s/ Sumithra R. Roberts
Eric Lloyd
Sumithra R. Roberts
Attorneys for Defendant
LOWE'S HOME CENTER, LLC

DEFENDANT'S NOTICE OF REMOVAL TO USDC
64786146v.1

# EXHIBIT 1



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 21657808**
**Date Processed: 06/24/2020**

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Center, LLC |
| **Title of Action:** | Julie Hughes vs. Lowe's Home Center, LLC |
| **Matter Name/ID:** | Julie Hughes vs. Lowe's Home Center, LLC (10321552) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | San Luis Obispo County Superior Court, CA |
| **Case/Reference No:** | 20CVP-0197 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 06/23/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | James A. Clark<br>916-361-6009 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LOWE'S HOME CENTER, LLC, a North Carolina Corporation;
LOWE'S, INC, an unknown Corporation, and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIE HUGHES,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY
FILED
6/22/2020 1:12 PM**

SAN LUIS OBISPO SUPERIOR COURT
BY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* 20CVP-0197

Superior Court of California, County of San Luis Obispo
1050 Monterey Street, San Luis Obispo, CA 93408

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James Clark, Tower Legal Group, P.C., 11335 Gold Express Drive, Ste 105, SAC, CA  95670. (916) 361-6009

| DATE: 6/22/2020 1:12 PM | /s/Michael Powell Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Lowe's Home Center, a North Carolina Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**TOWER LEGAL GROUP, P.C.**
James A. Clark, Esq. (SBN 278372)
james.clark@towerlegalgroup.com
Renee P. Ortega, Esq. (SBN 283441)
renee.parras@towerlegalgroup.com
Ariel A. Pytel (SBN 328917)
ariel.Pytel@towerlegalgroup.com
11335 Gold Express Drive, Suite 105
Sacramento, CA 95670
Tel: (916) 361-6009 | Fax: (916) 361-6019

**CHRISTINA HUMPHREY LAW, P.C.**
Christina A. Humphrey (SBN: 226326)
christina@chumphreylaw.com
8330 Allison Avenue, Suite C
La Mesa, CA 91942
Tel: (805) 618-2924 | Fax: (805) 618-2939

Attorneys for Plaintiff,
JULIE HUGHES

**ELECTRONICALLY FILED**
**6/22/2020 1:12 PM**

SAN LUIS OBISPO SUPERIOR COURT
BY_

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN LUIS OBISPO

## UNLIMITED CIVIL JURISDICTION

JULIE HUGHES,

    Plaintiff,

    v.

LOWE'S HOME CENTER, LLC, a North Carolina Corporation; LOWE'S, INC, an unknown Corporation, and DOES 1-10, inclusive,

    Defendants.

Case No.: **20CVP-0197**

**COMPLAINT FOR DAMAGES:**

1. Disability Discrimination (Cal. Gov't Code § 12940(a)),
2. Failure to Accommodate (Cal. Gov't Code § 12940(m)),
3. Failure to Engage in an Interactive Process (Cal. Gov't Code § 12940(n))
4. Retaliation under FEHA (Cal. Gov't Code § 12940(h)),
5. Failure to Prevent (Cal. Gov't Code § 12940(k)),
6. Wrongful Termination in Violation of Public Policy,
7. Declaratory Relief;

**DEMAND FOR JURY TRIAL**

---

1    Plaintiff Julie Hughes alleges:

2                              **PARTIES**

3        1.      At all relevant times, Plaintiff Julie Hughes (hereinafter "Plaintiff" or "Hughes" or

4    "Plaintiff Hughes") was and is an individual residing in the State of California, County of San Luis

5    Obispo.

6        2.      At all relevant times, Defendant Lowe's Home Center, LLC, and/or Lowe's, Inc,

7    (hereinafter "Defendant" or "Lowe's" or "Defendant Lowe's"), was and is a duly organized agency

8    of the State of California existing under the laws of the State of California. It is authorized to

9    transact and is transacting the business throughout this State of California.

10       3.      The true names, roles and capacities of Defendants named as Does 1 through 25,

11   inclusive, are currently unknown to Plaintiff and, therefore, are sued under fictitious names pursuant

12   to California Code of Civil Procedure section 474. If and when they are ascertained, Plaintiff will

13   identify their true identities and conduct. Because Defendants' conduct, as set forth herein, was

14   undertaken or authorized by Defendants' officers or managing agents, such individuals' conduct was

15   made on behalf of Defendants.  Moreover, Defendants had advance knowledge of such conduct of

16   said individuals whose actions were ratified, authorized, and approved by officers or agents.

17       4.      For the purposes of this Complaint, each use of the term "Defendant(s)" and/or the

18   term "Lowe's" and/or "DOES 1-10" refers to the named Defendants, set forth above, collectively.

19   Defendant Lowe's and DOES 1-10, will be collectively referred to hereinafter as "Defendants".

20       5.      Plaintiff is informed and believes and thereon alleges that there exists, and, at all

21   times relevant to this Complaint, existed a unity of interests between the Defendants such that any

22   individuality and separateness between these Defendants has ceased, and these Defendants are the

23   alter ego of the other Defendants and extend control over each other.  Adherence to the fiction of the

24   separate existence of these Defendants as an entity distinct from other Defendants will permit an

25   abuse of the corporate privilege and would sanction fraud and/or promote injustice.

26       6.      Plaintiff is informed, believes, and, based thereon alleges that the fictitiously named

27   Defendants were the agents, servants, and employees of Defendants and, in doing the acts and things

28

1   hereinafter alleged, were at all times acting within the course and scope of said agency, servitude,

2   and employment and with the permission, consent, and approval or subsequent ratification of the

3   named Defendants. Plaintiff further alleges that the Defendants constituted an "integrated

4   enterprise" and "integrated employers" with interrelated operations, common management,

5   centralized control of labor relations, and common ownership and/or financial control. Plaintiff also

6   alleges that the Defendants were, at all times relevant hereto, the alter egos and/or the agents of each

7   other. Whenever reference is made to the Defendants, it is intended to include the named

8   Defendants as well as all of the DOE Defendants. Each of the fictitiously named DOE Defendants is

9   responsible in some manner for the occurrences alleged and proximately caused Plaintiff's damages.

10       7.      Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in

11  this Complaint, Defendants were the agents and employees of their co-defendants, and in doing the

12  things alleged in this Complaint were acting within the scope of such agency and employment and

13  acted in such a manner as to ratify the conduct of their co-Defendants.

14                          **VENUE AND JURISDICTION**

15       8.      Venue is proper because Plaintiff worked for Defendants in the State of California,

16  and because Plaintiff is informed and believes and thereon alleges that all Defendants were doing

17  business the State of California, and that San Luis Obispo County is where Defendants' records

18  relevant to the alleged unlawful practices are maintained and administered.

19       9.      Pursuant to California Government Code 12965(b): "The civil action shall be

20  brought in any county in which unlawful practices are alleged to have been committed, in the

21  county in which records relevant to the alleged unlawful practices are maintained and

22  administered, or in the county in which the person claiming to be aggrieved would have worked or

23  would have had access to public accommodation, but for the alleged unlawful practices, but if the

24  defendant is not found within any of these counties, an action may be brought within the county of

25  the defendant's residence or principal office." Therefore, venue is proper because San Luis

26  Obispo County is where the records relevant to the alleges unlawful practices are maintained, an

27  San Luis Obispo County is where the Defendant's principal office is maintained.

28

1     10.    Subject matter jurisdiction is met in this Court as the action incorporates an amount

2  in controversy exceeding $25,000.00.

3     11.    On or about June 24, 2019, and within the time provided by law, Plaintiff filed a

4  Complaint of Discrimination, Harassment and Retaliation with the California Department of Fair

5  Employment and Housing ("DFEH").  On or about June 24, 2019, Plaintiff received her Right to Sue

6  notice from the DFEH. ("**EXHIBIT A**").  Any and all administrative remedy requirements through

7  the DFEH have been properly exhausted.

8     12.    At all times mentioned herein, the California Government Code and California Labor

9  Code were in full force and effect and were binding on Defendants.  Plaintiff is covered by the

10  protections against discrimination, harassment, and retaliation under the California Government

11  Code and California Labor Code.

12               **FACTS COMMON TO ALL CAUSES OF ACTION**

13     13.    Plaintiff Hughes was hired by Defendants in 2003 as an appliance Specialist of its

14  store in Paso Robles, California.

15     14.    Plaintiff was hired full time, working at least 40 hours per week, with an hourly

16  salary of approximately $22 per hour plus commission.

17     15.    On or about June 8, 2017, Plaintiff suffered a disability of heart attack and stroke,

18  which limited her ability to perform major life activities, including working. Plaintiff therein

19  underwent rehabilitation and physical therapy.

20     16.    Plaintiff was released to return to work with restrictions of sitting during the work-

21  day, and intermittent FMLA medical leave of absence to recover and therapy.

22     17.    On or about June 25, 2018, Plaintiff's employment with Defendants was terminated.

23  The reason for termination given to Plaintiff was she attendance issues related to her medical

24  condition.

25     18.    Plaintiff now timely brings this civil action.

26

27

28

**FIRST CAUSE OF ACTION**
**DISABILITY DISCRIMINATION IN VIOLATION OF FEHA**
**(CAL. GOV'T CODE § 12940(a)et seq.)**
**(Against All Defendants)**

19.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

20.     The California Fair Employment and Housing Act ("FEHA") prohibits employers from discharging or otherwise discriminating against an employee on the basis of regarding the employee as disabled, or an actual/perceived disability in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a).

21.     At all times mentioned in this Complaint, Plaintiff was an "eligible employee" under the California Labor and Government Codes.

22.     At all times mentioned in this Complaint, Defendants was a "covered employer" under FEHA, Cal. Gov't Code § 12900, et seq., as Defendants employed 5 or more people to perform services for a salary or wage in the State of California.

23.     Plaintiff was diagnosed with a disability that limited Plaintiff in major life activities, including, but not limited to, working. Defendants knew about Plaintiff's disability and regarded or perceived her as disabled. Despite her actual or perceived/regarded disability, Plaintiff was qualified and able to perform the essential functions of her job with a reasonable accommodation.

24.     Plaintiff suffered from a disability or was perceived or regarded as disabled by Defendants during her employment with Defendants. Plaintiff was subjected to discrimination and adverse employment action when, on or about June 25, 2018, her employment was terminated for needing medical leave of absence and possessing a disability.

25.     Plaintiff reasonably believes she can perform the essential functions of multiple employment positions with Defendants, including, but not limited to, appliance specialist, with reasonable accommodations.

26.     Plaintiff is informed and believes, and thereon alleges, that being regarded as disabled, or her actual or perceived disability and need for medical leave of absence, was a substantial motivating reason for Defendants' decision to terminate or suspend her employment, in violation of Government Code§ 12940, et seq.

1      27.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff

2 has suffered special damages, including, but not limited to, past and future loss of income, benefits,

3 and other damages to be proven at time of trial.

4      28.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff

5 has suffered general damages, including, but not limited to, shock, embarrassment, physical distress

6 and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

7      29.     The unlawful conduct alleged above was engaged in by the officers, directors,

8 supervisors and/or managing agents of each of the Defendants who were acting at all times relevant

9 to this Complaint within the scope and course of their employment.  Defendants are liable for the

10 conduct of said agents and employees under the doctrine of strict liability.

11      30.     As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in

12 order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs

13 incurred in this litigation in an amount according to proof at trial.

14

15                                                            **SECOND CAUSE OF ACTION**
**FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA**
**(CAL. GOV'T CODE § 12940(m)et seq.)**

16                                                                 **(Against All Defendants)**

17      31.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding

18 paragraphs as though fully stated here.

19      32.     Defendants had an affirmative duty to make reasonable accommodations for

20 Plaintiff's actual/perceived disability or the fact that Defendant regarded Plaintiff as disabled. This

21 duty arises even if an accommodation is not requested. Defendants breached this duty when they

22 terminated Plaintiff on June 25, 2018, and not providing Plaintiff with a reasonable accommodation

23 of medical leave of absence, as well as sitting chair during work days.

24      33.     Plaintiff informed Defendants prior to her termination that she could perform

25 essential functions of appliance specialist with Defendants, with a reasonable accommodation.

26      34.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff

27 has suffered special damages, including, but not limited to, past and future loss of income, benefits,

28 and other damages to be proven at time of trial.

35. As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

36. The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment. Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

37. As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS
### IN VIOLATION OF FEHA
### (CAL. GOV'T CODE § 12940(n)et seq.)
### (Against All Defendants)

38. Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

39. Plaintiff was diagnosed with a disability that limited Plaintiff in major life activities, including, but not limited to, working. Defendants knew about Plaintiff's disability and regarded or perceived her as disabled. Despite her actual or perceived/regarded disability, Plaintiff was qualified and able to perform the essential functions of her job with a reasonable accommodation.

40. Defendants failed to engage in a good faith interactive process to determine whether further reasonable accommodation, or current reasonable accommodations could be made to ensure Plaintiff could return to work and perform the essential functions of her job, or other open positions with Defendants.

41. Defendants failed to perform an individual assessment of Plaintiff's ability to perform the essential functions of the any position with Defendants, either with or without a reasonable accommodation.

42.     Defendants failed to perform an individual assessment of Plaintiff's ability to be reassigned to an alternate position as an accommodation to permit Plaintiff's return to work.

43.     Defendant's failure to engage in the interactive process was a substantial factor in causing Plaintiff harm.

44.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered special damages, including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial.

45.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered general damages, including, but not limited to, shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

46.     The unlawful conduct alleged above was engaged in by the officers, directors, supervisors and/or managing agents of each of the Defendants who were acting at all times relevant to this Complaint within the scope and course of their employment.  Defendants are liable for the conduct of said agents and employees under the doctrine of strict liability.

47.     As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation in an amount according to proof at trial.

**FOURTH CAUSE OF ACTION**
**RETALIATION IN VIOLATION OF FEHA**
**(CAL. GOV'T CODE § 12940(h) et seq.)**
**(Against All Defendants)**

48.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

49.     California law further protects employees from retaliation for exercising the right to oppose a practice prohibited by FEHA, Cal. Gov't Code, § 12900, et seq.

50.     Plaintiff's requests to take medical leave related to her actual or perceived/regarded disability were motivating reasons for her termination.

51.     Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

1    52.    Defendants committed unlawful retaliation in violation of Section 12940, subdivision

2  (h), by terminating Plaintiff for seeking accommodation, opposing disability discrimination and

3  opposing unlawful inquiries into Plaintiff's medical condition, practices prohibited by FEHA.

4    53.    Defendants, by and through its supervisors and/or agents, discriminated and retaliated

5  against Plaintiff because of her actual or perceived/regarded disability. Plaintiff was subjected to

6  discrimination and adverse employment action by Defendants because her actual or

7  perceived/regarded disability. Specifically, Defendants terminated Plaintiff for requesting, and

8  needing, medical leave of absence related to her actual or perceived/regarded disability.

9    54.    Plaintiff is informed and believes, and thereon alleges, that her actual or

10  perceived/regarded disability, along with the possibility that she might require leave for treatment in

11  the future, was a substantial motivating factor in Defendants' decision to treat her differently from

12  similarly situated non-disabled employees. Plaintiff further alleges, on information and belief, that

13  she was subjected to different terms and conditions of employment than her non-disabled co-

14  workers.

15    55.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff

16  has suffered special damages, including, but not limited to, past and future loss of income, benefits,

17  and other damages to be proven at time of trial.

18    56.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff

19  has suffered general damages, including, but not limited to, shock, embarrassment, physical distress

20  and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

21    57.    The unlawful conduct alleged above was engaged in by the officers, directors,

22  supervisors and/or managing agents of each of the Defendants who were acting at all times relevant

23  to this Complaint within the scope and course of their employment.  Defendants are liable for the

24  conduct of said agents and employees under the doctrine of strict liability.

25    58.    As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in

26  order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs

27  incurred in this litigation in an amount according to proof at trial.

28  //

1

2
**FIFTH CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA**
3
**(CAL. GOV'T CODE § 12940(k)et seq.)**
**(Against All Defendants)**

4       59.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding

5 paragraphs as though fully stated here.

6       60.    Defendants failed to take all reasonable steps to prevent discrimination against

7 Plaintiff from occurring and failed to take immediate corrective action to remedy the discrimination,

8 in violation of FEHA, Cal. Gov't Code § 12940(k)).

9       61.    Specifically, Defendants failed to take any disciplinary measures to prevent and/or

10 remedy the discrimination against Plaintiff, such as issuing a formal warning, providing counseling,

11 or imposing probation, suspension, or termination, or conducting a prompt and thorough

12 investigation into Plaintiff's complaints of discrimination and retaliation, as well as complaints of

13 unlawful inquires to Plaintiff's medical information, that are the subject of this lawsuit.

14      62.    As a direct and proximate result of the unlawful conduct of the Defendants and

15 Defendants failures to act, Plaintiff has suffered special damages, including, but not limited to, past

16 and future loss of income, benefits, and other damages to be proven at time of trial.

17      63.    As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff

18 has suffered general damages, including, but not limited to, shock, embarrassment, physical distress

19 and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

20      64.    The unlawful conduct alleged above was engaged in by the officers, directors,

21 supervisors and/or managing agents of each of the Defendants who were acting at all times relevant

22 to this Complaint within the scope and course of their employment.  Defendants are liable for the

23 conduct of said agents and employees under the doctrine of strict liability.

24      65.    As a result of the conduct of Defendants, Plaintiff was forced to retain an attorney in

25 order to protect her rights. Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs

26 incurred in this litigation in an amount according to proof at trial.

27 //

28 //

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### SIXTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
#### (Against All Defendants)

66.     Plaintiff refers to and incorporates by reference all facts alleged in the preceding paragraphs as though fully stated here.

67.     At all times relevant to this Complaint, FEHA was in full force and effect and binding upon Defendants. FEHA prohibits employers from discharging or otherwise discriminating or retaliating against an employee on the basis of disability in compensation, terms, conditions, or privileges of employment. Cal. Gov't Code § 12940(a).

68.     It is "the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . . physical disability, mentally disability, [or] medical condition." Cal. Gov't Code § 12920.

69.     Defendants violated California public policy by terminating, actually and/or constructively, Plaintiff's employment because of her disability, and her complaints of Defendants conduct violating FEHA.  The termination was in violation of fundamental, substantial public policies of this state, including, but not limited to the FEHA, CFRA, and the federal ADA and its amendments, Title VII, and FMLA.

70.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered actual, consequential, and incidental damages, including without limitation, loss of regular employment and loss of career advancement opportunities in an amount subject to proof at trial.

71.     As a direct and proximate result of the unlawful conduct of the Defendants, Plaintiff has suffered, and continues to suffer, substantial earnings and job benefits, in addition to humiliation, embarrassment, and mental and emotional distress in an amount exceeding jurisdictional limits, the precise amount of which is subject to proof at trial.

1    72.    Defendants' acts were committed maliciously, fraudulently, and oppressively, with

2  the wrongful intention of harming Plaintiff. Therefore, Plaintiff is entitled to punitive damages in

3  amount subject to proof at trial.

4    73.    Defendants' wrongful conduct has also necessitated the retention of legal counsel to

5  pursue Plaintiff's claims, the costs of which should be borne by Defendants.

6                        **SEVENTH CAUSE OF ACTION**
                          **DECLARATORY RELIEF**
7                          **(Against All Defendants)**

8    74.    Plaintiff refers to and incorporates by reference all facts alleged in the preceding

9  paragraphs as though fully set forth herein.

10    75.    *Government Code* section 12920 sets forth the public policy of the State of

11  California:

12         "It is hereby declared as the public policy of this state that it is necessary to

13  protect and safeguard the right and opportunity of all persons to seek, obtain, and hold

14  employment without discrimination or abridgment on account of race, religious creed,

15  color, national origin, ancestry, physical disability, mental disability, medical condition,

16  genetic information, marital status, sex, gender, gender identity, gender expression, age,

17  or sexual orientation.

18         "It is recognized that the practice of denying employment opportunity and

19  discriminating in the terms of employment for these reasons foments domestic strife and

20  unrest, deprives the state of the fullest utilization of its capacities for development and

21  advancement, and substantially and adversely affects the interests of employees,

22  employers, and the public in general.

23         "Further, the practice of discrimination because of race, color, religion, sex,

24  gender, gender identity, gender expression, sexual orientation, marital status, national

25  origin, ancestry, familial status, source of income, disability, or genetic information in

26  housing accommodations is declared to be against public policy.  It is the purpose of this

27  part to provide effective remedies that will eliminate these discriminatory practices.

28         This part shall be deemed an exercise of the police power of the state for the

1 || protection of the welfare, health, and peace of the people of this state."

2 |||      76.     *Government Code* section12920.5 states the intent of the California legislature:

3 ||      "In order to eliminate discrimination, it is necessary to provide effective remedies

4 || that will both prevent and deter unlawful employment practices and redress the adverse

5 || effects of those practices on aggrieved persons. To that end, this part shall be deemed an

6 || exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the

7 || California Constitution."

8 |||      77.     Moreover, *Government Code* section 12921, subdivision (a) states:

9 ||      "The opportunity to seek, obtain, and hold employment without discrimination

10 || because of race, religious creed, color, national origin, ancestry, physical disability,

11 || mental disability, medical condition, genetic information, marital status, sex, gender,

12 || gender identity, gender expression, age, or sexual orientation is hereby recognized as and

13 || declared to be a civil right."

14 |||      78.     An actual controversy has arisen and now exists between Plaintiff and Defendants

15 || concerning their respective rights and duties. Plaintiff contends that she was discriminated and

16 || retaliated against due to her actual or perceived/regarded disability. Plaintiff is informed and

17 || believes, and on that basis alleges, that Defendants dispute Plaintiff's contention.

18 |||      79.     Pursuant to *Code of Civil Procedure* section 1060, Plaintiff desires a judicial

19 || determination of her rights and duties, and a declaration that she experienced discrimination and

20 || retaliation in the workplace of Defendants.

21 |||      80.     A judicial declaration is necessary and appropriate at this time under the

22 || circumstances in order that Plaintiff, for himself and on behalf of employees of the State of

23 || California and in conformity with the public policy of the State, obtain a judicial declaration of the

24 || wrongdoing of Defendants and to condemn such discriminating and/or retaliatory employment

25 || policies or practices. *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

26 |||      81.     A judicial declaration is necessary and appropriate at this time such that Defendants

27 || and its supervisors may also be aware of their obligations under the law to refrain from engaging

28 || in discriminatory and/or retaliatory practices or violate the law and that Defendants have an

1 obligation under the law to take all steps reasonably necessary to prevent discrimination and
2 retaliation from occurring in the work place, and to modify any policies or procedures currently in
3 the workplace to conform with the law and eliminate future harassment, discrimination and
4 retaliation in the workplace.

5      82.    A judicial declaration is necessary and appropriate at this time such that Defendants
6 and its supervisors may also be aware an adverse employment decision was substantially
7 motivated by discrimination may warrant a judicial declaration of employer wrongdoing and
8 provide instruction for the employer to change any policy of procedure to prevent re-occurring in
9 the future.  Declaratory relief, where appropriate, may serve to reaffirm the plaintiff's equal
10 standing among her coworkers and community, and to condemn discriminatory employment
11 policies or practices. (See Code Civ. Proc., § 1060 [a court may make a binding declaration of
12 contested rights and duties].)

13      83.    A judicial declaration is necessary and appropriate at this time such that a court may
14 grant injunctive relief where appropriate to stop discriminatory practices. (See Aguilar v. Avis
15 Rent-A-Car System, Inc. (1999) 21 Cal.4th 121, 131 [courts may grant injunctive relief under the
16 FEHA to prevent discriminatory conduct from recurring]; cf. EEOC v. Ilona of Hungary (7th Cir.
17 1997) 108 F.3d 1569, 1579 [finding unlawful discrimination on the basis of religion under Title
18 VII and upholding injunctive relief -where the individuals who were found to have discriminated
19 remain the defendant's primary decision-makers‖].)

20      84.    A judicial declaration is necessary and appropriate at this time such that, pursuant to
21 California Government Code Section 12965(b)(3), including, without limitation, a requirement
22 that Defendant conduct training for all employees, supervisors, and management on the
23 requirements of the Fair Employment and Housing Act, the rights and remedies of those who
24 allege a violation of the Fair Employment and Housing Act and the employer's internal grievance
25 procedures.

26      85.    *Government Code* section 12965(b) provides that an aggrieved party, such as the
27 Plaintiff herein, may be awarded reasonable attorney's fees and costs.  "In civil actions brought
28 under this section, the court, in its discretion, may award to the prevailing party, including the

department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose redressing, preventing, or deterring discrimination. WHEREFORE, Plaintiff prays for judgment as follows:

## **PRAYER FOR RELIEF**

1. For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;

2. For declaratory relief;

3. For compensatory, general, and special damages, including front pay, in an amount according to proof;

4. For injunctive and/or declaratory relief pursuant to California Government Code Section 12965(b)(3), including, without limitation, a requirement that Defendants conduct training for all employees, supervisors, and management on the requirements of the Fair Employment and Housing Act, the rights and remedies of those who allege a violation of the Fair Employment and Housing Act and the employer's internal grievance procedures;

5. For punitive damages, where applicable by cause of action;

6. For statutory attorneys' fees, where applicable by cause of action;

7. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;

8. For costs of suit;

9. For expert witness fees pursuant to FEHA; and

10. For such other and further relief as the Court may deem just and proper.

COMPLAINT FOR DAMAGES – PAGE 15

DATED: June 22, 2020                    **TOWER LEGAL GROUP, P.C.**


By:_____
         JAMES A. CLARK
         Attorneys for Plaintiff,
         JULIE HUGHES


## DEMAND FOR JURY TRIAL

Plaintiff Julie Hughes hereby demands trial by jury.

DATED:  June 22, 2020                    **TOWER LEGAL GROUP, P.C.**


By:_____
         JAMES A. CLARK
         Attorneys for Plaintiff,
         JULIE HUGHES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

June 24, 2019

Julie Hughes
5545 Vida Ave
Atascadero, California 93422

RE:   **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201906-06614225
        Right to Sue: Hughes / Lowe's, Inc. et al.

Dear Julie Hughes,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 24, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>— James A. Clark (SBN 278372) | Renee P. Ortega (SBN 283441)<br>Tower Legal Group, P.C.<br>11335 Gold Express Drive, Suite 105<br>Sacramento, CA 95670<br>TELEPHONE NO.: (916) 361-6009    FAX NO.: (916) 361-6019<br>ATTORNEY FOR *(Name)*: Julie Hughes | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>6/22/2020 1:12 PM<br><br>~~SAN LUIS OBISPO SUPERIOR COURT~~<br>BY _____ |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Luis Obispo
STREET ADDRESS: 1050 Monterey Street,
MAILING ADDRESS:
CITY AND ZIP CODE: San Luis Obispo, CA 93408
BRANCH NAME: Civil Courthouse

CASE NAME:
Hughes v. Lowe's Home Center, et al.

| **CIVIL CASE COVER SHEET**<br>☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 20CVP-0197<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: 7
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 22, 2020

James A. Clark
_____
(TYPE OR PRINT NAME)     ▶ *[signature]*  _____
                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT 2

1  SEYFARTH SHAW LLP
   Eric Lloyd (SBN 254390)
2  E-mail:  elloyd@seyfarth.com
   560 Mission Street, 31st Floor
3  San Francisco, California 94105
   Telephone:    (415) 397-2823
4  Facsimile:    (415) 397-8549

5  SEYFARTH SHAW LLP
   Sumithra R. Roberts (SBN 256078)
6  E-mail:  sroberts@seyfarth.com
   2029 Century Park East, Suite 3500
7  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
8  Facsimile:    (310) 201-5219

9  Attorneys for Defendant
   LOWE'S HOME CENTERS, LLC
10

**ELECTRONICALLY
FILED
7/22/2020 10:42 AM**

SAN LUIS OBISPO SUPERIOR COURT
BY_

11

12                IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

13                        COUNTY OF SAN LUIS OBISPO

14

15  JULIE HUGHES,                          Case No. 20CVP-0197

16              Plaintiff,                 **DEFENDANT LOWE'S HOME
                                           CENTERS, LLC'S ANSWER TO
16       v.                                PLAINTIFF'S COMPLAINT**

17
    LOWE'S HOME CENTER, LLC, a North       Complaint Filed:    June 22, 2020
18  Carolina Corporation; LOWE'S, INC., an Trial Date:         None Set
    unknown Corporation, and DOES 1-10, inclusive,,
19
              Defendants.
20

21

22

23

24

25

26

27

28

64788232v.1

Defendant Lowe's Home Centers, LLC [1] ("Defendant"), for itself and no other entity, hereby answers the unverified Complaint of Plaintiff Julie Hughes ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to the Complaint, and as separate and distinct additional defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

## FIRST DEFENSE

### (No Employment Relationship)

1.      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred Defendant did not employ Plaintiff and, therefore, Plaintiff lacks standing to assert any of the causes of action contained in the Complaint against Defendant.

## SECOND DEFENSE

### (Failure to State a Cause of Action)

2.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## THIRD DEFENSE

### (Statute of Limitations)

3.      The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation including but not limited to California Code of Civil Procedure sections 338(a), 339, 340 and California Government Code Sections 12960(d) and 12965(d).

---

[1] Lowe's Home Centers, LLC is Plaintiff's former employer.  Plaintiff erroneously sued Lowe's, Inc., an unknown Corporation.  (Compl.  at p.1).  Lowe's, Inc. is no longer an entity (it was dissolved on June 30, 1987), and has never employed Plaintiff as a result.

DEFENDANT LOWE'S HOME CENTER LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

## FOURTH DEFENSE

### (Estoppel)

4.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred because Plaintiff is estopped by her conduct and actions to claim any right to damages or any relief against Defendant.

## FIFTH DEFENSE

### (Unclean Hands)

5.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

## SIXTH DEFENSE

### (Failure To Exhaust Administrative Remedies)

6.      Plaintiff's Complaint and each cause of action alleged therein are barred to the extent Plaintiff failed to exhaust her administrative remedies and to the extent Plaintiff's causes of action exceed the scope of charges she filed, if any, with appropriate governmental agencies.

## SEVENTH DEFENSE

### (After-Acquired Evidence)

7.      To the extent discovery may disclose information which could serve as a basis for the alleged termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

## EIGHTH DEFENSE

### (Failure to Mitigate Damages)

8.      Plaintiff's Complaint and each cause of action alleged therein are barred, or should be reduced, to the extent Plaintiff failed to mitigate her damages as required by law.

## NINTH DEFENSE

### (Workers' Compensation Act Preemption)

9.      To the extent Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, the Court lacks jurisdiction, and any recovery is barred by the

64788232v.1

exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

### TENTH DEFENSE

#### (Failure to Take Advantage of Preventive/Corrective Opportunities)

10.     Defendant exercised reasonable care to prevent and/or correct any discriminatory or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's Complaint and each cause of action alleged therein are barred or, alternatively, her relief is limited.

### ELEVENTH DEFENSE

#### (Legitimate Business Justification/Mixed Motive)

11.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein are barred because assuming arguendo that retaliatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-retaliatory, non-discriminatory, and non-harassing business reasons. *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

### TWELFTH DEFENSE

#### (Not A Substantial Motivating Factor)

12.     Plaintiff's Complaint and each cause of action alleged therein are barred because her purported disabilities, alleged medical condition, or purported protected conduct were not substantial motivating factors for any of Defendant's conduct or decisions concerning Plaintiff's employment, and Defendant would have taken the legitimate action they did irrespective of Plaintiff's purported disabilities, alleged medical condition, or purported protected conduct.

### THIRTEENTH DEFENSE

#### (At-Will Employment)

13.     Defendant alleges that Plaintiff's employment was not for a specified term and thus under California Labor Code section 2922 her employment was terminable at the will of Plaintiff or Defendant

64788232v.1

such that the exercise of that right cannot give rise to the claims asserted regarding Plaintiff's termination.

## FOURTEENTH DEFENSE

### (Offset)

14.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

## FIFTEENTH DEFENSE

### (Punitive Damages Unconstitutional)

15.     Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

## SIXTEENTH DEFENSE

### (Failure to State a Claim for Relief for Punitive Damages)

16.     Plaintiff is not entitled to recover any punitive, double or exemplary damages against Defendant and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code § 3294(a).

## SEVENTEENTH DEFENSE

### (Good Faith)

17.     The actions alleged in the Complaint, to the extent they occurred, were taken in good faith and were a lawful exercise of sound discretion and Defendant's legal rights, and were based on a rational, reasonable consideration of the facts.

4

64788232v.1

**EIGHTEENTH DEFENSE**

**(Lack of Jurisdiction -Arbitration Agreement)**

18.     This Court lacks jurisdiction over the Complaint, and all causes of action alleged therein, due to the existence of a mandatory and binding Arbitration Agreement executed by Plaintiff and Defendant.

**NINETEENTH DEFENSE**

**(Undue Burden)**

19.     Plaintiff's cause of action for failure to accommodate is barred because the accommodations requested by Plaintiff would have imposed an undue burden on Defendant's operations, either financially or otherwise.

**PRAYER FOR RELIEF**

Wherefore, Defendant prays for judgment as follows:

A.     That Plaintiff take nothing by way of her Complaint;

B.     That judgment be entered in favor of Defendant and against Plaintiff in this action;

C.     That Defendant be awarded reasonable attorneys' fees and costs of suit incurred herein as provided by law; and

D.     Defendant be awarded such other relief as this Court may deem just and proper.

DATED:  July 22, 2020                    SEYFARTH SHAW LLP


By: _____
Eric Lloyd
Sumithra R. Roberts
Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

5

64788232v.1

## PROOF OF SERVICE

STATE OF CALIFORNIA              )
                                )   ss
COUNTY OF LOS ANGELES           )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On July 22, 2020, I served the within document(s):

**DEFENDANT LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ I sent such document from facsimile machines (310) 201-5219.  I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

James A. Clark              Phone:   916.361.6009
Renee P. Ortega             Fax:     916.361.6019
Ariel A. Pytel              Emails:  james.clark@towerlegalgroup.com
Tower Legal Group, P.C.              renee.parras@towerlegalgroup.com
11335 Gold Express Drive, Suite 105  ariel.Pytel@towerlegalgroup.com
Sacramento, CA 95670

*Attorneys for Plaintiff JULIE HARRIS*

Christina A. Humphrey       Phone:   805.618.2924
Christina Humphrey Law, P.C.   Fax:     805.618.2939
8330 Allison Avenue, Suite C   Email:   christina@chumphreylaw.com
La Mesa, CA 91942

*Attorneys for Plaintiff JULIE HARRIS*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

64954810v.1

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 22, 2020, at Los Angeles, California.

_____
Fern Jenkins

PROOF OF SERVICE

64954810v.1